Case 3:18-cr-30111-MJR   Document 1   Filed 06/19/18   Page 1 of 15   Page ID #1

FILED
JUN 19 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 18-30111-MJR |
| vs. ) | |
| ) | 18 U.S.C. § 1343, |
| DOUGLAS J. KIFFMEYER, ) | 26 U.S.C. § 7203 |
| ) | 18 U.S.C. § 1957 |
| Defendant. ) | |

## INDICTMENT

THE GRAND JURY CHARGES:

INTRODUCTION TO THE SCHEME TO DEFRAUD INVESTORS THROUGH THE SALE OF UNREGISTERED SECURITIES INVOLVING FORESEEABLE INTERSTATE WIRE COMMUNICATIONS IN FURTHERANCE OF SCHEME TO DEFRAUD

### BACKGROUND TO THE SCHEME TO DEFRAUD

1. At all times relevant, **DOUGLAS J. KIFFMEYER** held himself out to the public as a retirement planner, financial consultant and tax advisor. He operated businesses under the names of Modern Retirement Professionals and Kiffmeyer Tax Advisory Group, Inc.

2. On or about May 12, 2011, **DOUGLAS J. KIFFMEYER** created and operated a corporation called Creative Digital, Inc., an Illinois corporation with a listed address in Edwardsville, Illinois. Creative Digital, Inc. was involuntarily dissolved by the State of Illinois on October 10, 2014. The purpose of the corporation was for the design and production of a digital trigger for the M-16 rifle.

3. In early 2011, **DOUGLAS J. KIFFMEYER** offered to sell stock in Creative Digital, Inc. to an investor, G.S. On or about May 24, 2011, investor G.S. issued a check to **KIFFMEYER** in an amount of $100,000 in exchange for 500 shares of Creative Digital, Inc. stock. The funds were to be used for the expenses of Creative Digital, Inc.

4. In 2011, **DOUGLAS J. KIFFMEYER** also solicited investors J.E. and S.E. to invest in the production of the digital trigger. On or about June 3, 2011, these investors invested $30,000 with **KIFFMEYER.**

5. Between August and November of 2012, **KIFFMEYER** continued to solicit funds from investor G.S. and received an additional $667,000 of investor funds. **KIFFMEYER** advised the investor that the additional funds were needed for the additional expenses to develop the digital trigger.

6. All of the investor funds were deposited by **KIFFMEYER** into a personal bank account. During 2012, **KIFFMEYER** used investor funds for personal expenditures including the purchase of a GMC Sierra 1500 truck, a Hummer H2, a motor coach, a Chevrolet Corvette, a Nissan 370 and an engagement ring.

7. On or about January 9, 2013, **DOUGLAS J. KIFFMEYER** again solicited investors J.E. and S.E. to invest further in the production of the digital trigger. On or about January 9, 2013, these investors invested an additional $30,000 with **KIFFMEYER. KIFFMEYER** assured the investors that the money was to be used for the manufacture of a digital trigger and that within six months of their investment date they would receive a return of at least double their original investment. Subsequently, on or about March 15, 2013, Douglas Kiffmeyer provided investors J.E. and S.E. with a stock certificate reflecting their receipt of 250 shares in Creative Digital, Inc.

8. Out of the additional $30,000 of J.E. and S.E.'s investor funds, Kiffmeyer used $28,500 of the funds for his personal expenses and paid the investors $1,500 of their investment money back which is the only money that Kiffmeyer ever repaid.

9. In the later part of 2013, **DOUGLAS J. KIFFMEYER** provided financial planning advice to a customer, S.H. **KIFFMEYER** indicated to S.H. that he had a very good plan for her to get additional income per month, plus protect her money from losing it in case she went to a nursing home.

In furtherance of the plan, **KIFFMEYER** directed S.H. to cash in two IRA accounts and one annuity, falsely indicating that this would not be a taxable distribution. Pursuant to the plan, **KIFFMEYER** issued a promissory note to S.H. in a stated amount of $500,000 in exchange for a total amount of $386,471.33 in funds from S.H. **KIFFMEYER** represented, "[t]his complete plan will protect 100% of all of S.H.'s current estate and protect her income for a secure retirement reevaluating it every 5 to 6 years and adjusting for inflation and interest rates." **KIFFMEYER** stopped making payments in 2014, except for a $15,000 payment on June 3, 2015 after S.H. complained to the police and to the Illinois Attorney General's Office. The $15,000 came from investor funds from B.S. and S.S.

10.     In the later part of 2013, **DOUGLAS J. KIFFMEYER** approached a customer A.M. who was elderly and approaching ninety years of age. **KIFFMEYER** indicated that he had a good investment for A.M. and that he wanted $107,389.70 for the investment. **KIFFMEYER** guaranteed that A.M. would receive $3,000 a month for the rest of his life and that the full principle amount of $107,389.70 would be paid to his children on his death. In reliance on this guarantee, A.M. in December of 2013 through January of 2014 provided two checks to **KIFFMEYER** totaling $107,389.70 for which he received a promissory note.

11.     In 2015, **DOUGLAS J. KIFFMEYER** solicited investors B.S. and S.S. to invest in a medical marijuana clinic. **KIFFMEYER** represented to the investors that they were to receive a 20% return on their investment broken down into monthly payments. In reliance on these representations, B.S. and S.S. invested $206,814.44 with **KIFFMEYER** for the startup of a medical marijuana clinic.

12.     **KIFFMEYER** deposited $126,914 into his personal bank account at Regions Bank; purchased a cashier's check for $70,000 and withdrew $9,900 in cash. Very little of the investor funds was ever used for the intended purpose and most of the funds were used by **KIFFMEYER** to pay for personal expenses.

13. None of the money received was reported by **KIFFMEYER** as income to the corporation or as personal income to the Internal Revenue Service.

14. Under federal law and Illinois law, all sales of securities are subject to the antifraud provisions of the securities laws. Any information provided to investors must be free from false or misleading statements and information should not be omitted if, as a result of the omission, the information provided to investors will be false or misleading. The sale of securities in the State of Illinois must be registered unless certain exemptions apply. **DOUGLAS J. KIFFMEYER** was at all times required to register his security offerings and failed to do so.

## COUNT 1

### WIRE FRAUD: VICTIM S.H.

1. Paragraphs 1 through 14 of the Introduction of the Scheme to Defraud are realleged and incorporated herein.

2. On or about January 13, 2014, in Madison County within the Southern District of Illinois, and elsewhere,

**DOUGLAS J. KIFFMEYER,**

the defendant, for purposes of executing, and attempting to execute the above-described scheme and artifice to defraud and deprive, knowingly caused to be transmitted a wire communication in interstate commerce which was foreseeable in the ordinary course of business, an email from Douglas Kiffmeyer to S.H. instructing her where to deposit the money from cashing in her retirement accounts.

All in violation of Title 18, United States Code, Section 1343.

## COUNT 2

**WIRE FRAUD: VICTIM B.S. AND S.S.**

1. Paragraphs 1 through 14 of the Introduction of the Scheme to Defraud are realleged and incorporated herein.

2. On or about June 1, 2015, in Madison County within the Southern District of Illinois, and elsewhere,

**DOUGLAS J. KIFFMEYER,**

the defendant, for purposes of executing, and attempting to execute the above-described scheme and artifice to defraud and deprive, knowingly caused to be transmitted a wire communication in interstate commerce which was foreseeable in the ordinary course of business, the deposit of a $206,814.44 check from B.S. and S.S.'s Region's bank account into Kiffmeyer's personal bank account at 1st Mid-America Credit Union.

All in violation of Title 18, United States Code, Section 1343.

## COUNT 3

**FAILURE TO TIMELY FILE, 2012 INDIVIDUAL INCOME TAX RETURN**

During the calendar year 2012, in Madison County within the Southern District of Illinois,

**DOUGLAS J. KIFFMEYER,**

defendant herein, who was a resident of Edwardsville, Illinois, had and received gross income of approximately $658,193.93. By reason of such gross income, he was required by law, following the close of the calendar year 2012 and on or before April 15, 2013, to make an income tax return to the Internal Revenue Service Center, at Kansas City, Missouri, to a person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his

gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about April 15, 2013, in the Southern District of Illinois and elsewhere, to make an income tax return.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 4

### FAILURE TO TIMELY FILE, 2013 INDIVIDUAL INCOME TAX RETURN

During the calendar year 2013, in Madison County within the Southern District of Illinois,

**DOUGLAS J. KIFFMEYER,**

defendant herein, who was a resident of Edwardsville, Illinois, had and received gross income of approximately $224,047.99. By reason of such gross income, he was required by law, following the close of the calendar year 2013 and on or before April 15, 2014, to make an income tax return to the Internal Revenue Service Center, at Kansas City, Missouri, to a person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about April 15, 2014, in the Southern District of Illinois and elsewhere, to make an income tax return.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 5

### FAILURE TO TIMELY FILE, 2014 INDIVIDUAL INCOME TAX RETURN

During the calendar year 2014, in Madison County within the Southern District of Illinois,

**DOUGLAS J. KIFFMEYER,**

defendant herein, who was a resident of Edwardsville, Illinois, had and received gross income of approximately $305,561.39. By reason of such gross income, he was required by law, following the close of the calendar year 2014 and on or before April 15, 2015, to make an income tax return to the Internal Revenue Service Center, at Kansas City, Missouri, to a person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about April 15, 2015, in the Southern District of Illinois and elsewhere, to make an income tax return.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 6

### FAILURE TO TIMELY FILE, 2015 INDIVIDUAL INCOME TAX RETURN

During the calendar year 2015, in Madison County within the Southern District of Illinois,

**DOUGLAS J. KIFFMEYER,**

defendant herein, who was a resident of Edwardsville, Illinois, had and received gross income of approximately $162,208.47. By reason of such gross income, he was required by law, following the close of the calendar year 2015 and on or before April 15, 2016, to make an income tax return to the Internal Revenue Service Center, at Kansas City, Missouri, to a person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about April 15, 2016, in the Southern District of Illinois and elsewhere, to make an income tax return.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 7

**FAILURE TO TIMELY FILE, IRON FOCUS, INC., 2012 CORPORATE INCOME TAX RETURN**

During the calendar year 2012, in Madison County within the Southern District of Illinois,

**DOUGLAS J. KIFFMEYER,**

defendant herein, was the president of Iron Focus, Inc., a corporation not expressly exempt from tax, with its principal place of business in Madison County, Illinois. He therefore was required by law, after the close of the calendar year 2012 and on or before March 15, 2013, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Kansas City, Missouri, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law. Well knowing and believing all of the foregoing, he did willfully fail, on or about March 15, 2013, in the Southern District of Illinois and elsewhere, to make an income tax return at the time required by law.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 8

**FAILURE TO TIMELY FILE, IRON FOCUS, INC., 2013 CORPORATE INCOME TAX RETURN**

During the calendar year 2013, in Madison County within the Southern District of Illinois,

**DOUGLAS J. KIFFMEYER,**

defendant herein, was the president of Iron Focus, Inc., a corporation not expressly exempt from tax, with its principal place of business in Madison County, Illinois. He therefore was required by law, after the close of the calendar year 2013 and on or before March 15, 2014, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Kansas City, Missouri, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, stating

specifically the items of the corporation's gross income and the deductions and credits allowed by law. Well knowing and believing all of the foregoing, he did willfully fail, on or about March 15, 2014, in the Southern District of Illinois and elsewhere, to make an income tax return at the time required by law.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 9

**FAILURE TO TIMELY FILE, IRON FOCUS, INC., 2014 CORPORATE INCOME TAX RETURN**

During the calendar year 2014, in Madison County within the Southern District of Illinois,

**DOUGLAS J. KIFFMEYER,**

defendant herein, was the president of Iron Focus, Inc., a corporation not expressly exempt from tax, with its principal place of business in Madison County, Illinois. He therefore was required by law, after the close of the calendar year 2014 and on or before March 15, 2015, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Kansas City, Missouri, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law. Well knowing and believing all of the foregoing, he did willfully fail, on or about March 15, 2015, in the Southern District of Illinois and elsewhere, to make an income tax return at the time required by law.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 10

**FAILURE TO TIMELY FILE, IRON FOCUS, INC., 2015 CORPORATE INCOME TAX RETURN**

During the calendar year 2015, in Madison County within the Southern District of Illinois,

**DOUGLAS J. KIFFMEYER,**

defendant herein, was the president of Iron Focus, Inc., a corporation not expressly exempt from tax, with its principal place of business in Madison County, Illinois. He therefore was required by law, after the close of the calendar year 2015 and on or before March 15, 2016, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Kansas City, Missouri, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law. Well knowing and believing all of the foregoing, he did willfully fail, on or about March 15, 2016, in the Southern District of Illinois and elsewhere, to make an income tax return at the time required by law.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 11

### FAILURE TO TIMELY FILE, IMPLEMENTING DREAMS, INC., 2013 CORPORATE INCOME TAX RETURN

During the calendar year 2013, in Madison County within the Southern District of Illinois,

**DOUGLAS J. KIFFMEYER,**

defendant herein, was the president of Implementing Dreams, Inc., a corporation not expressly exempt from tax, with its principal place of business in Madison County, Illinois. He therefore was required by law, after the close of the calendar year 2013 and on or before March 15, 2014, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Kansas City, Missouri, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law. Well knowing and believing all of the foregoing, he did willfully fail, on or about March 15,

2014, in the Southern District of Illinois and elsewhere, to make an income tax return at the time required by law.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 12

### FAILURE TO TIMELY FILE, IMPLEMENTING DREAMS, INC., 2014 CORPORATE INCOME TAX RETURN

During the calendar year 2014, in Madison County within the Southern District of Illinois,

**DOUGLAS J. KIFFMEYER,**

defendant herein, was the president of Implementing Dreams, Inc., a corporation not expressly exempt from tax, with its principal place of business in Madison County, Illinois. He therefore was required by law, after the close of the calendar year 2014 and on or before March 15, 2015, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Kansas City, Missouri, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law. Well knowing and believing all of the foregoing, he did willfully fail, on or about March 15, 2015, in the Southern District of Illinois and elsewhere, to make an income tax return at the time required by law.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 13

### FAILURE TO TIMELY FILE, KIFFMEYER TAX ADVISORY GROUP, INC., 2012 CORPORATE INCOME TAX RETURN

During the calendar year 2012, in Madison County within the Southern District of Illinois,

11

**DOUGLAS J. KIFFMEYER,**

defendant herein, was the president of Kiffmeyer Tax Advisory Group, Inc., a corporation not expressly exempt from tax, with its principal place of business in Madison County, Illinois. He therefore was required by law, after the close of the calendar year 2012 and on or before March 15, 2013, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Kansas City, Missouri, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law. Well knowing and believing all of the foregoing, he did willfully fail, on or about March 15, 2013, in the Southern District of Illinois and elsewhere, to make an income tax return at the time required by law.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 14

**FAILURE TO TIMELY FILE, KIFFMEYER TAX ADVISORY GROUP, INC., 2013 CORPORATE INCOME TAX RETURN**

During the calendar year 2013, in Madison County within the Southern District of Illinois,

**DOUGLAS J. KIFFMEYER,**

defendant herein, was the president of Kiffmeyer Tax Advisory Group, Inc., a corporation not expressly exempt from tax, with its principal place of business in Madison County, Illinois. He therefore was required by law, after the close of the calendar year 2013 and on or before March 15, 2014, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Kansas City, Missouri, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law. Well knowing and believing all of the foregoing, he did willfully fail, on or

about March 15, 2014, in the Southern District of Illinois and elsewhere, to make an income tax return at the time required by law.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 15

### FAILURE TO TIMELY FILE, KIFFMEYER TAX ADVISORY GROUP, INC., 2014 CORPORATE INCOME TAX RETURN

During the calendar year 2014, in Madison County within the Southern District of Illinois,

**DOUGLAS J. KIFFMEYER,**

defendant herein, was the president of Kiffmeyer Tax Advisory Group, Inc., a corporation not expressly exempt from tax, with its principal place of business in Madison County, Illinois. He therefore was required by law, after the close of the calendar year 2014 and on or before March 15, 2015, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Kansas City, Missouri, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law. Well knowing and believing all of the foregoing, he did willfully fail, on or about March 15, 2015, in the Southern District of Illinois and elsewhere, to make an income tax return at the time required by law.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 16

### FAILURE TO TIMELY FILE, KIFFMEYER TAX ADVISORY GROUP, INC., 2015 CORPORATE INCOME TAX RETURN

During the calendar year 2015, in Madison County within the Southern District of Illinois,

**DOUGLAS J. KIFFMEYER,**

defendant herein, was the president of Kiffmeyer Tax Advisory Group, Inc., a corporation not expressly exempt from tax, with its principal place of business in Madison County, Illinois. He therefore was required by law, after the close of the calendar year 2015 and on or before March 15, 2016, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Kansas City, Missouri, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law. Well knowing and believing all of the foregoing, he did willfully fail, on or about March 15, 2016, in the Southern District of Illinois and elsewhere, to make an income tax return at the time required by law.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 17
### ENGAGING IN A CASH TRANSACTION OVER $10,000 IN MONEY DERIVED FROM WIRE FRAUD

On or about June 3, 2015, in Madison County within the Southern District of Illinois,

**DOUGLAS J. KIFFMEYER,**

defendant herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, a wire transfer from First Clover Leaf Bank in the amount of $15,000 to T.H. as beneficiary for investor S.H., after S.H. complained to the police and to the Illinois Attorney General's Office about **KIFFMEYER**. The $15,000 came from other investor funds from B.S. and S.S. that were supposed to be used for a medical marijuana clinic, which involved the proceeds of a specified unlawful activity, that is wire fraud, with the intent to promote the carrying on of specified unlawful activity, to wit: wire fraud and that while conducting and attempting to conduct such financial

transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1957.

*[signature]*
DONALD S. BOYCE
United States Attorney
Southern District of Illinois

*[signature]*
NORMAN R. SMITH
Assistant United States Attorney

Recommended bond: $25,000 unsecured