IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,    )
                             )
              Plaintiff,     )
                             )  CRIMINAL NO.  18-30111-NJR
vs.                          )
                             )
DOUGLAS J. KIFFMEYER,        )
                             )
              Defendant.     )

## STIPULATION OF FACTS

Comes now Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Norman R. Smith, Assistant United States Attorney for said District, and herewith enters into the following Stipulation of Facts with the Defendant, Douglas J. Kiffmeyer and his counsel, Peter Cohen.

1.      Douglas J. Kiffmeyer held himself out to the public as a retirement planner, financial consultant and tax advisor.  He operated businesses under the names of Modern Retirement Professionals and Kiffmeyer Tax Advisory Group, Inc.

2.      On or about May 12, 2011, Douglas J. Kiffmeyer created and operated a corporation called Creative Digital, Inc., an Illinois corporation with a listed address in Edwardsville, Illinois.  Creative Digital, Inc. was involuntarily dissolved by the State of Illinois on October 10, 2014.  The purpose of the corporation was for the design and production of a digital trigger for the M-16 rifle.

3.      In early 2011, Douglas J. Kiffmeyer offered to sell stock in Creative Digital, Inc. to an investor, G.S.  On or about May 24, 2011, investor G.S. issued a check to Kiffmeyer in an amount of $100,000 in exchange for 500 shares of Creative Digital, Inc. stock.  The funds were to be used for the expenses of Creative Digital, Inc.

4.      In 2011, Douglas J. Kiffmeyer also solicited investors J.E. and S.E. to invest in the production of the digital trigger.  On or about June 3, 2011, these investors invested $30,000 with Kiffmeyer.

5.      Between August and November of 2012, Kiffmeyer continued to solicit funds from investor G.S. and received an additional $667,000 of investor funds.  Kiffmeyer advised the investor that the additional funds were needed for the additional expenses to develop the digital trigger.

6.      All of the investor funds were deposited by Kiffmeyer into a personal bank account.  During 2012, Kiffmeyer used investor funds for personal expenditures including the purchase of a GMC Sierra 1500 truck, a Hummer H2, a motor coach, a Chevrolet Corvette, a Nissan 370 and an engagement ring.

7.      On or about January 9, 2013, Douglas J. Kiffmeyer again solicited investors J.E. and S.E. to invest further in the production of the digital trigger.  On or about January 9, 2013, these investors invested an additional $30,000 with Kiffmeyer.  Kiffmeyer assured the investors that the money was to be used for the manufacture of a digital trigger and that within six months of their investment date they would receive a return of at least double their original investment. Subsequently, on or about March 15, 2013, Douglas Kiffmeyer provided investors J.E. and S.E. with a stock certificate reflecting their receipt of 250 shares in Creative Digital, Inc.

8.      Out of the additional $30,000 of J.E. and S.E.'s investor funds, Kiffmeyer used $28,500 of the funds for his personal expenses and paid the investors $1,500 of their investment money back which is the only money that Kiffmeyer ever repaid.

9.      In the later part of 2013, Douglas J. Kiffmeyer provided financial planning advice to a customer, S.H.  Kiffmeyer indicated to S.H. that he had a very good plan for her to get

additional income per month, plus protect her money from losing it in case she went to a nursing home.  In furtherance of the plan, Kiffmeyer directed S.H. to cash in two IRA accounts and one annuity, falsely indicating that this would not be a taxable distribution.  Pursuant to the plan, Kiffmeyer issued a promissory note to S.H. in a stated amount of $500,000 in exchange for a total amount of $386,471.33 in funds from S.H. Kiffmeyer represented, "[t]his complete plan will protect 100% of all of S.H.'s current estate and protect her income for a secure retirement reevaluating it every 5 to 6 years and adjusting for inflation and interest rates."  Kiffmeyer stopped making payments in 2014, except for a $15,000 payment on June 3, 2015 after S.H. complained to the police and to the Illinois Attorney General's Office.  The $15,000 came from investor funds from B.S. and S.S.

10.      In the later part of 2013, Douglas J. Kiffmeyer approached a customer A.M. who was elderly and approaching ninety years of age.  Kiffmeyer ndicated that he had a good investment for A.M. and that he wanted $107,389.70 for the investment.  Kiffmeyer guaranteed that A.M. would receive $3,000 a month for the rest of his life and that the full principle amount of $107,389.70 would be paid to his children on his death.  In reliance on this guarantee, A.M. in December of 2013 through January of 2014 provided two checks to Kiffmeyer totaling $107,389.70 for which he received a promissory note.

11.      In 2015, Douglas J. Kiffmeyer solicited investors B.S. and S.S. to invest in a medical marijuana clinic.  Kiffmeyer represented to the investors that they were to receive a 20% return on their investment broken down into monthly payments.  In reliance on these representations, B.S. and S.S. invested $206,814.44 with Kiffmeyer for the startup of a medical marijuana clinic.

12.     Kiffmeyer deposited $126,914 into his personal bank account at Regions Bank; purchased a cashier's check for $70,000 and withdrew $9,900 in cash.  Very little of the investor funds was ever used for the intended purpose and most of the funds were used by Kiffmeyer to pay for personal expenses.

13.     None of the money received was reported by Kiffmeyer as income to the corporation or as personal income to the Internal Revenue Service.

14.     Under federal law and Illinois law, all sales of securities are subject to the antifraud provisions of the securities laws.  Any information provided to investors must be free from false or misleading statements and information shall not be omitted if, as a result of the omission, the information provided to investors will be false or misleading.  All sales of securities in the State of Illinois and the persons selling them must be registered in Illinois unless certain exemptions apply.  Douglas J. Kiffmeyer was at all times required to register himself and his security offerings and failed to do so.

15.     On or about January 13, 2014, in Madison County within the Southern District of Illinois, and elsewhere, Douglas J. Kiffmeyer, for purposes of executing, and attempting to execute the a scheme and artifice to defraud and deprive, knowingly caused to be transmitted a wire communication in interstate commerce which was foreseeable in the ordinary course of business, an email from Douglas Kiffmeyer to S.H. instructing her where to deposit the money from cashing in her retirement accounts.  [Count 1]

16.     On or about June 1, 2015, in Madison County within the Southern District of Illinois, and elsewhere, Douglas J. Kiffmeyer for purposes of executing, and attempting to execute a scheme and artifice to defraud and deprive, knowingly caused to be transmitted a wire communication in interstate commerce which was foreseeable in the ordinary course of business,

the deposit of a $206,814.44 check from B.S. and S.S.'s account into Kiffmeyer's personal bank account at Region's Bank.  [Count 2]

17.    During the calendar year 2012, in Madison County within the Southern District of Illinois, Douglas J. Kiffmeyer, who was a resident of Edwardsville, Illinois, had and received gross income of approximately $658,193.93.  By reason of such gross income, he was required by law, following the close of the calendar year 2012 and on or before April 15, 2013, to make an income tax return to the Internal Revenue Service Center, at Kansas City, Missouri, to a person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled.  Well knowing and believing all of the foregoing, he did willfully fail, on or about April 15, 2013, in the Southern District of Illinois and elsewhere, to make an income tax return. [Count 3]

18.    During the calendar year 2013, in Madison County within the Southern District of Illinois, Douglas J. Kiffmeyer, who was a resident of Edwardsville, Illinois, had and received gross income of approximately $224,047.99.  By reason of such gross income, he was required by law, following the close of the calendar year 2013 and on or before April 15, 2014, to make an income tax return to the Internal Revenue Service Center, at Kansas City, Missouri, to a person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled.  Well knowing and believing all of the foregoing, he did willfully fail, on or about April 15, 2014, in the Southern District of Illinois and elsewhere, to make an income tax return.  [Count 4]

19.    During the calendar year 2014, in Madison County within the Southern District of Illinois, Douglas J. Kiffmeyer, who was a resident of Edwardsville, Illinois, had and received gross income of approximately $305,561.39.  By reason of such gross income, he was required by law, following the close of the calendar year 2014 and on or before April 15, 2015, to make an income tax return to the Internal Revenue Service Center, at Kansas City, Missouri, to a

person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled.  Well knowing and believing all of the foregoing, he did willfully fail, on or about April 15, 2015, in the Southern District of Illinois and elsewhere, to make an income tax return. [Count 5]

20.     During the calendar year 2015, in Madison County within the Southern District of Illinois, Douglas J. Kiffmeyer, who was a resident of Edwardsville, Illinois, had and received gross income of approximately $162,208.47.  By reason of such gross income, he was required by law, following the close of the calendar year 2015 and on or before April 15, 2016, to make an income tax return to the Internal Revenue Service Center, at Kansas City, Missouri, to a person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled.  Well knowing and believing all of the foregoing, he did willfully fail, on or about April 15, 2016, in the Southern District of Illinois and elsewhere, to make an income tax return.  [Count 6]

21.     During the calendar year 2012, in Madison County within the Southern District of Illinois, Douglas J. Kiffmeyer, was the president of Iron Focus, Inc., a corporation not expressly exempt from tax, with its principal place of business in Madison County, Illinois.  He therefore was required by law, after the close of the calendar year 2012 and on or before March 15, 2013, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Kansas City, Missouri, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law.  Well knowing and believing all of the foregoing, he did willfully fail, on or about March 15, 2013, in the Southern  District of Illinois and elsewhere, to make an income tax return at the time required by law.  [Count 7]

6

22.     During the calendar year 2013, in Madison County within the Southern District of Illinois, Douglas J. Kiffmeyer, was the president of Iron Focus, Inc., a corporation not expressly exempt from tax, with its principal place of business in Madison County, Illinois.  He therefore was required by law, after the close of the calendar year 2013 and on or before March 15, 2014, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Kansas City, Missouri, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law.  Well knowing and believing all of the foregoing, he did willfully fail, on or about March 15, 2014, in the Southern District of Illinois and elsewhere, to make an income tax return at the time required by law.  [Count 8]

23.     During the calendar year 2014, in Madison County within the Southern District of Illinois, Douglas J. Kiffmeyer, was the president of Iron Focus, Inc., a corporation not expressly exempt from tax, with its principal place of business in Madison County, Illinois.  He therefore was required by law, after the close of the calendar year 2014 and on or before March 15, 2015, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Kansas City, Missouri, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law.  Well knowing and believing all of the foregoing, he did willfully fail, on or about March 15, 2015, in the Southern  District of Illinois and elsewhere, to make an income tax return at the time required by law.  [Count 9]

24.     During the calendar year 2015, in Madison County within the Southern District of Illinois, Douglas J. Kiffmeyer, was the president of Iron Focus, Inc., a corporation not expressly exempt from tax, with its principal place of business in Madison County, Illinois.  He therefore was required by law, after the close of the calendar year 2015 and on or before March 15, 2016, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Kansas City, Missouri, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, stating specifically the items of

7

the corporation's gross income and the deductions and credits allowed by law.  Well knowing and believing all of the foregoing, he did willfully fail, on or about March 15, 2016, in the Southern District of Illinois and elsewhere, to make an income tax return at the time required by law.  [Count 10]

25.     During the calendar year 2013, in Madison County within the Southern District of Illinois, Douglas J. Kiffmeyer, was the president of Implementing Dreams, Inc., a corporation not expressly exempt from tax, with its principal place of business in Madison County, Illinois. He therefore was required by law, after the close of the calendar year 2013 and on or before March 15, 2014, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Kansas City, Missouri, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law. Well knowing and believing all of the foregoing, he did willfully fail, on or about March 15, 2014, in the Southern District of Illinois and elsewhere, to make an income tax return at the time required by law.  [Count 11]

26.     During the calendar year 2014, in Madison County within the Southern District of Illinois, Douglas J. Kiffmeyer, was the president of Implementing Dreams, Inc., a corporation not expressly exempt from tax, with its principal place of business in Madison County, Illinois. He therefore was required by law, after the close of the calendar year 2014 and on or before March 15, 2015, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Kansas City, Missouri, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law.  Well knowing and believing all of the foregoing, he did willfully fail, on or about March 15, 2015, in the Southern District of Illinois and elsewhere, to make an income tax return at the time required by law.  [Count 12]

27.     During the calendar year 2012, in Madison County within the Southern District of Illinois, Douglas J. Kiffmeyer, was the president of Kiffmeyer Tax Advisory Group, Inc., a corporation not expressly exempt from tax, with its principal place of business in Madison

County, Illinois.  He therefore was required by law, after the close of the calendar year 2012 and on or before March 15, 2013, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Kansas City, Missouri, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law.  Well knowing and believing all of the foregoing, he did willfully fail, on or about March 15, 2013, in the Southern District of Illinois and elsewhere, to make an income tax return at the time required by law.  [Count 13]

28.    During the calendar year 2013, in Madison County within the Southern District of Illinois, Douglas J. Kiffmeyer, was the president of Kiffmeyer Tax Advisory Group, Inc., a corporation not expressly exempt from tax, with its principal place of business in Madison County, Illinois.  He therefore was required by law, after the close of the calendar year 2013 and on or before March 15, 2014, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Kansas City, Missouri, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law.  Well knowing and believing all of the foregoing, he did willfully fail, on or about March 15, 2014, in the Southern District of Illinois and elsewhere, to make an income tax return at the time required by law.  [Count 14]

29.    During the calendar year 2014, in Madison County within the Southern District of Illinois, Douglas J. Kiffmeyer, was the president of Kiffmeyer Tax Advisory Group, Inc., a corporation not expressly exempt from tax, with its principal place of business in Madison County, Illinois.  He therefore was required by law, after the close of the calendar year 2014 and on or before March 15, 2015, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Kansas City, Missouri, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law.  Well knowing and believing all of the foregoing, he did willfully fail, on or

about March 15, 2015, in the Southern  District of Illinois and elsewhere, to make an income tax return at the time required by law.  [Count 15]

30.     During the calendar year 2015, in Madison County within the Southern District of Illinois, Douglas J. Kiffmeyer, was the president of Kiffmeyer Tax Advisory Group, Inc., a corporation not expressly exempt from tax, with its principal place of business in Madison County, Illinois.  He therefore was required by law, after the close of the calendar year 2015 and on or before March 15, 2016, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Kansas City, Missouri, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law.  Well knowing and believing all of the foregoing, he did willfully fail, on or about March 15, 2016, in the Southern District of Illinois and elsewhere, to make an income tax return at the time required by law.  [Count 16]

31.     On or about June 3, 2015, in Madison County within the Southern District of Illinois, Douglas J. Kiffmeyer, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, a wire transfer from First Clover Leaf Bank in the amount of $15,000 to T.H. as beneficiary for investor S.H., after S.H. complained to the police and to the Illinois Attorney General's Office about Kiffmeyer.  The $15,000 came from other investor funds from B.S. and S.S. that were supposed to be used for a medical marijuana clinic, which involved the proceeds of a specified unlawful activity, that is wire fraud, with the intent to promote the carrying on of specified unlawful activity, to wit: wire fraud and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.  [Count 17]

**SO STIPULATED:**

STEVEN D. WEINHOEFT
United States Attorney

_____
DOUGLAS J. KIFFMEYER
Defendant

_____
NORMAN R. SMITH
Assistant United States Attorney

_____
PETER COHEN
Attorney for Defendant

Date: _____ 7/23/2020

11